**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Docket No. 14 CR 10072 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES DAWN** | ) | |
| | ) | |

**AFFIDAVIT OF JAIME ZAMBRANA**

I, Jaime Zambrana, do hereby affirm and state as follows:

1. I represented James Dawn in the above-styled case from the time of his first appearance before this Court until his sentencing and judgment of conviction on January 13, 2015.

2. During the course of my representation, I met with Mr. Dawn on multiple occasions to review the government's evidence, discuss possible defenses, and consider the possibility of entering a guilty plea versus a trial.

3. From the onset of the case, the government expressed its intent to seek enhancement of Mr. Dawn's sentence pursuant to the Armed Career Criminal Act (ACCA).  After reviewing the government's evidence, possible defenses, the minimum mandatory sentence under the ACCA, and the possible implications of a guilty plea or a trial, Mr. Dawn decided to plead guilty.

4. I also discussed with Mr. Dawn the possibility of challenging underlying convictions in order to avoid a 15 year mandatory minimum sentence under the ACCA. As part of the discussion, we reviewed his prior convictions and identified ones where a successful collateral attack was feasible.  While I assured Mr. Dawn that I would zealously seek to vacate ACCA predicate convictions, I made no promise that any of these motions would be successful or that the convictions would be vacated.

5. During the course of my review of prior convictions, I became aware that CPCS counsel was appointed to challenge one of the convictions in Suffolk Superior Court, which was one of the ACCA predicates.  I contacted CPCS counsel and discussed this pending matter, the government's intent to seek ACCA enhancement and the possibility of

attacking predicate convictions. Counsel informed me that she had been appointed to challenge a conviction in Suffolk Superior Court for Trafficking Cocaine and was in the process of reviewing the case.

6. I also identified a 2007 Dorchester District Court conviction for Possession with intent to distribute as one where a collateral attack was most likely to succeed due to the particular circumstances of that case. However, after becoming aware that this particular conviction was not listed as an ACCA predicate in the Presentence Report, I discussed with Mr. Dawn the need to explore possible challenges to other convictions and the need for additional time to do so. With Mr. Dawn's agreement, I filed a Motion to Continue Sentencing. However, this motion was denied and sentencing went forward on January 13, 2015.

7. During my brief discussion with Mr. Dawn regarding the court's denial of the Motion to Continue, the possibility of continuing efforts to attack prior convictions, and a future Rule 35 motion if said efforts were successful, I assured Mr. Dawn that I would continue my efforts. However, I made no promise or guarantee regarding the results.

8. On February 24, 2015, Mr. Dawn filed a pro se Motion to Appoint Appellate Counsel asking the court that I be discharged as his attorney. Therefore, I desisted further efforts to challenge prior convictions.

Signed and sworn under the pains and penalties of perjury, this 11th day of July, 2018.

_____
Jaime Zambrana.