UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES DAWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 14-cr-10072-DPW |

### REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

James Dawn ("Dawn"), by and through the undersigned counsel, respectfully submits this Reply to the Government's Response in Opposition to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and Request for Summary Dismissal. In support thereof, Dawn offers the following:

### I. BACKGROUND

On March 16, 2018, Dawn filed a timely Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docket Entry "DE" 81). Dawn's § 2255 motion alleged that counsel was ineffective by making an unfulfillable promise to Dawn which rendered Dawn's guilty plea unknowing and involuntary. (DE 81-1 at 7). Dawn alleged that his attorney, Mr. Zambrana made the unfulfillable promise that if Dawn pled guilty Dawn would avoid an enhanced sentence under the Armed Career Criminal Act ("ACCA") by collaterally attacking Dawn's prior convictions in state court. *Id*. According to Dawn, he would not have pled guilty if he knew that counsel's

promise was unfulfillable and that Dawn would be faced with a mandatory minimum term of 15-years imprisonment. (DE 84-1 ¶ 6).

On July 20, 2018, the Government filed its Opposition to Dawn's § 2255 Motion and Request for Summary Dismissal. (DE 93). Attached to the Government's Response is an Affidavit of Jaime Zambrana. (DE 93-1). Mr. Zambrana avers that he made no such promise to Dawn. *Id.* ¶ 4. The Government argues that Mr. Zambrana was not ineffective and that the alleged promise did not prejudice Dawn.

Dawn maintains that counsel's false promises resulted in Dawn entering an unintelligent and guilty plea. Further, counsel's errors resulted in prejudice to Dawn. Finally, as will be shown below, an evidentiary hearing is required to resolve Dawn's § 2255 claims of ineffective assistance of counsel.

## II. REPLY ARGUMENT

**(a)** **The Court Should Hold An Evidentiary Hearing To Resolve Dawn's Claim Of Ineffective Assistance of Counsel**

Section 2255 instructs "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The First Circuit has held that an evidentiary hearing is unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by

the files and records of the case." *Morgan v. Hogan*, 494 F.2d 1220, 1222 (1st. Cir. 1974). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993) (quoting *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984)).

Dawn submits that an evidentiary hearing is required in the instant case because Dawn has submitted allegations which, if accepted as true, entitle Dawn to relief and are not conclusively refuted by the record before the Court. Dawn's § 2255 claims revolve around an alleged promise by counsel that Dawn would avoid the mandatory minimum sentence produced by the ACCA enhancement.

Taking Dawn's allegations as true, Dawn has presented a credible claim that would warrant § 2255 relief and therefore, necessitate an evidentiary hearing. Dawn has alleged that he pled guilty as a result of his counsel's unfulfillable promise and, but for that promise, Dawn would have proceeded to trial. In its Response, the Government submits that "[t]he outcome from Dawn's guilty plea is no different than if he had gone to trial." (DE 93 at 13). Accordingly, the Government argues that Dawn cannot show prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Government is incorrect.

The Supreme Court recently re-examined the prejudice inquiry established in *Hill* that "the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017) (quoting *Hill*, 474 U.S. at 59). In doing so, the Court held:

> The dissent contends that a defendant must also show that he would have been better off going to trial. That is true when the defendant's decision about going to trial turns on his prospects of success and those are affected by the attorney's error–for instance, where a defendant alleges that his lawyer should have but did not seek to suppress an improperly obtained confession. *Premo v. Moore*, 562 U.S. 115, 118, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011); cf., e.g., *Hill*, 474 U.S. at 59, 106 S.Ct. 366 (discussing failure to investigate potentially exculpatory evidence).
>
> Not all errors, however, are that sort. Here Lee knew, correctly, that his prospects of acquittal at trial were grim, and his attorney's error had nothing to do with that. The error was instead one that affected Lee's understanding of the consequences of pleading guilty. The Court confronted precisely this kind of error in *Hill*. See *id.*, at 60, 106 S.Ct. 366 ("the claimed error of counsel is erroneous advice as to eligibility for parole"). Rather than asking how a hypothetical trial would have played out absent the error, the Court considered whether there was an adequate showing that the defendant, properly advised, would have opted to go to trial.

*Lee*, 137 S.Ct. at 1956.

Here, as in *Lee*, Dawn's ineffective assistance of counsel claim does not turn on the prospects of success at trial. As the Government conceded, the result of a hypothetical trial would have likely been the same as the outcome of Dawn's case by pleading guilty. However, Dawn would have had nothing to lose in that case by proceeding to trial. As the Court noted in *Lee*:

4

> A defendant without any viable defense will be highly likely to lose at trial. And a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial. But that is not because the prejudice inquiry in this context looks to the probability of a conviction for its own sake. It is instead because defendants obviously weigh their prospects at trial in deciding whether to accept a plea. Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one.
>
> But common sense (not to mention our precedent) recognizes that there is more to consider than simply the likelihood of success at trial. The decision whether to plead guilty also involves assessing the respective consequences of a conviction after trial and by plea. *When those consequences are, from the defendant's perspective, similarly dire, even the smallest chance of success at trial may look attractive.*

*Lee*, at 1966 (emphasis added).

Dawn's claim of ineffective assistance of counsel instead turns on counsel's unfulfillable promise that Dawn would avoid the ACCA enhancement by pleading guilty. As Dawn has alleged, had he known that counsel's promise was erroneous, he would have proceeded to trial rather than plead guilty to the mandatory minimum 15-year sentence the ACCA enhancement carried. As the Court recognized in *Lee*, Dawn would have had nothing to lose by doing so and even the smallest chance of success at trial would "look attractive." *Id*. at 1966. As such, Dawn's allegation, taken as true, would entitle him to § 2255 relief.

In addition, the record and files do not conclusively refute Dawn's § 2255 claim. As previously noted, the plea colloquy in this case was insufficient to ensure Dawn's guilty plea was free from any promises, threats or coercion. (DE 81-1 at 5). The only refutation to Dawn's claims comes from

5

Dawn's counsel himself. (DE 93-1). Given that the record in this case does not conclusively refute Dawn's claims, and that there are factual disputes between Dawn's and Mr. Zambrana's affidavits, an evidentiary hearing is required.

### III. CONCLUSION

Based on the foregoing, the Court should schedule this matter for an evidentiary hearing. After said hearing, the Court should grant § 2255 relief accordingly.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Dawn*

/s/ Geoffrey G. Nathan
Geoffrey G. Nathan
Bar Lic. # 552110
132 Boylston St. 5th FL.
Boston, MA 02116
Ph: 617-472-5775
Fax: 928-395-7789
nathanlaw@earthlink.net

*Local Counsel for Dawn*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all attorneys of record via the Court's CM/ECF system this 24th day of July 2018.

/s/ Jeremy Gordon